**In the Matter of Donald A. ABBOTT and Virginia M. Abbott t/d/b/a Don Abbott Painting & Sandblasting, Bankrupts.**

**Bankruptcy Nos. 79–72 Erie, 79–73 Erie.**

United States Bankruptcy Court,
W. D. Pennsylvania.

May 11, 1981.

William H. Higgins and Thomas J. McCarthy, Erie, Pa., for bankrupts.

William Pineo, Meadville, Pa., pro se., for trustee.

### MEMORANDUM AND ORDER ON APPLICATION FOR ALLOWANCE OF EXEMPTION RIGHTS UNDER BANKRUPTCY REFORM ACT OR IN THE ALTERNATIVE TO WITHDRAW PRE–CODE PROCEEDING AND REFILE UNDER NEW ACT

WILLIAM B. WASHABAUGH, Bankruptcy Judge.

The bankrupts filed the within aborted Chapter XI Arrangement case March 22, 1979 before the effective date of the Bankruptcy Reform Act of 1978, October 1, 1979. Through the time-consuming efforts of their original counsel and his successor, and after protracted hearings in which their positions were opposed by secured creditors seeking relief from automatic stays and adequate protection in respect to their encumbered real estate and business assets, they were permitted to operate their business as debtors-in-possession until October 15, 1980 when they were adjudicated bankrupts and an Order was made converting the case to an ordinary bankruptcy proceeding.

Most of the bankrupts' assets have now been released for foreclosure of secured liens in state courts or liquidated by the trustee in bankruptcy although the bankrupts salvaged enough of their enterprise thru post-adjudication services and financing to become enabled to purchase and continue to operate a portion of their business on a reduced basis in their own behalves. Their post-liquidation application for allowance of the improved exemption rights provided by the Bankruptcy Reform Act over the state exemptions applicable under Section 6 of the earlier Act in effect when they filed their Chapter XI petition, or in the alternative to withdraw the proceeding and refile under the new Code, is before us.

Section 403 of the Bankruptcy Code of 1978 unequivocally provides that cases filed prior to its effective date shall continue to be governed by the law in effect before its enactment, and that

"the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue

to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."

The debtors argue that their exemptions should be allowed under the Code of 1978 as they were adjudicated bankrupts October 15, 1980 after its effective date, but this fact is of no moment as it is the date of the filing of the original Chapter XI petition, not the subsequent adjudication in ordinary bankruptcy, that determines matters of preferential transfers, priority status of claims and all other substantive matters: 11 U.S.C. § 348, Bankruptcy Rule 122(1), 3 Collier on Bankruptcy (14th Ed.) 761 et seq. (¶ 60.02[2]), and 9 Am.Jur.2d 970 (§ 1345) citing *Miller v. Woolley*, 141 F.2d 837 (9th Cir. 1944), *Hamilton Steel Products, Inc. v. Yorke*, 376 F.2d 463 (7th Cir. 1967) and *Caribbean Food Products, Inc. v. Banco*, creditor, 575 F.2d 961 (1st Cir. 1978). We are thus wholly without authority or discretion to allow the bankrupts their exemption rights under the Bankruptcy Reform Act, and expressly prohibited from so doing.

Turning to the alternative request for permission to withdraw the pending proceeding and refile under the new Act, it appears that it would be inequitable and without legal justification to authorize the bankrupts to proceed in this manner and thus achieve by indirection the result we have above concluded they cannot directly accomplish of becoming eligible to consume the proceeds realized from liquidations of their unencumbered assets by the trustee in bankruptcy in satisfaction of their unused homestead and other exemptions under the Act of 1978 instead of having them distributed in payment of the administrative expenses and unsecured priority and other claims properly assertable there against under the provisions of the law in effect during the pendency of the matters. The time for filing claims would start anew on the filing of the new proceeding, and additional debts contracted by the bankrupts since their adjudication in bankruptcy would be subject to being discharged. The Bankruptcy Court is without authority to transfer the assets in the hands of the trustee from realizations in the pending case to the proceeding newly to be filed, or to in any manner close said pending matter without distributing the assets in accordance with the law thereunto appertaining on the filing of the trustee's final account.

The petition of the bankrupts for allowance of exemptions under the Bankruptcy Code of 1978, or in the alternative to withdraw the proceeding and refile under the provisions of said Code, is denied.